IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| KIMBERLEY N. BRYANT,<br><br>              Plaintiff,<br><br>    vs.<br><br>ANDREW SAUL, Commissioner of<br>Social Security,<br><br>              Defendant. | CV-19-55-H-JTJ<br><br><br>AMENDED ORDER |

Plaintiff Kimberley N. Bryant ("Bryant") brought this action to obtain judicial review of the final decision of the Commissioner of the Social Security Administration ("Commissioner"), denying her application for disability insurance benefits under Title XVI of the Social Security Act, 42 U.S.C. §§ 401−433.  Doc. 1. The Commissioner denied Bryant's applications for social security disability beyond September 30, 2018.  Doc. 4 at 534.  The Commissioner has filed the certified Administrative Record.  Doc. 4.

**JURISDICTION**

The Court has jurisdiction over this action under 42 U.S.C. § 405(g).  Venue is proper because Bryant resides in Lewis & Clark County, Montana.  29 U.S.C. § 1391(e)(1); L.R. 1.2(c)(3).

**PROCEDURAL BACKGROUND**

On June 21, 2013, Bryant filed an application for disability insurance benefits. A.R. 195.  Bryant alleged that she had been unable to work since April 15, 2013. A.R. 195.  The Social Security Administration denied Bryant's application initially on September 6, 2013, and upon reconsideration on February 26, 2014.  A.R. 80−88; 89−96.

On March 19, 2014, Bryant filed a written request for a hearing.  A.R. 104−05. The Administrative Law Judge ("ALJ") held a hearing on August 11, 2015.  A.R. 27−79.  On September 17, 2015, the ALJ issued a written decision finding Bryant not disabled.  A.R. 11−22.  Bryant requested review of the decision on November 11, 2015.  A.R. 7.  The ALJ decision became final on March 10, 2017, when the Appeals Council denied Bryant's request for review.  Bryant filed for review from the District Court.  United States Magistrate Judge Timothy J. Cavan reversed and remanded Bryant's case pursuant to 42 U.S.C.  405(g).  The ALJ issued a new decision on May 8, 2019, again finding Bryant not disabled.  A.R. 527−45.  Bryant again sought review from the District Court on August 27, 2019.  Doc. 1.  Bryant moves the Court for summary judgment on Bryant's disability status pursuant to Fed. R. Civ. P. 56(a).  Doc. 11 at 14.

**STANDARD OF REVIEW**

The  Court  conducts  limited  review.    The  Court  may  set  aside  the

Commissioner's decision only where the decision is not supported by substantial evidence or where the decision is based on legal error. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Widmark v. Barnhart*, 454 F.3d 1063, 1070 (9th Cir. 2006).

The ALJ remains responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001). The Court must consider the record as a whole, weighing both the evidence that supports and detracts from the ALJ's conclusion. *Green v. Heckler*, 803 F.2d 528, 530 (9th Cir. 1986). The Court may reject the findings not supported by the record, but it may not substitute its findings for those of the Commissioner. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999).

## BURDEN OF PROOF

A claimant is disabled for purposed of the Social Security Act if the claimant demonstrates by a preponderance of the evidence that (1) the claimant has a "medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months;" and (2) the impairment or impairments are of such severity that, considering the claimant's age, education, and work experience, the

claimant is not only unable to perform previous work but also cannot "engage in any other kind of substantial gainful work which exists in the national economy." *Schneider v. Comm'r of Soc. Sec. Admin.*, 223 F.3d 968, 974 (9th Cir. 2000)(citing 42 U.S.C. § 1382(a)(3)(A)-(B)).

The Social Security Administration regulations provide a five-step sequential evaluation process for determining whether a claimant is disabled. *Bustamante v. Massanari*, 262 F.3d 949, 953 (9th Cir. 2001); 20 C.F.R. §§ 404.1520, 416.920. The claimant bears the burden of proof for steps one through four, and the Commissioner bears the burden of proof for step five. *Id*. The five steps of the inquiry are:

1. Is the claimant presently working in a substantially gainful activity? If so, the claimant is not disabled within the meaning of the Social Security Act. If not, proceed to step two. *See* 20 C.F.R. 404.1520(b), 416.920(b).

2. Is the claimant's impairment severe? If so, proceed to step three. If not, the claimant is not disabled. *See* 20 C.F.R. 404.1520(c), 416.920(c).

3. Does the impairment "meet or equal" one of a list of specific impairments described in 20 C.F.R. Part 220, Appendix 1? If so, the claimant is disabled. If not, proceed to step four. *See* 20 C.F.R. §§ 20 C.F.R. 404.1520(d), 416.920(d).

4. Is the claimant able to do any work that he or she has done in the past? If so, the claimant is not disabled. If not, proceed to step five. *See* 20 C.F.R. 404.1520(e), 416.920(e).

5. Is the claimant able to do any other work? If so, the claimant is not disabled. If not, the claimant is disabled. *See* 20 C.F.R. 404.1520(f), 416.920(f).

*Id*. at 954.

**ANALYSIS.**

**A. ALJ's disability determination.**

The ALJ followed the 5-step sequential evaluation process in evaluating Bryant's claim.  At step one, the ALJ found that Bryant met the insured status requirements of the Social Security Act through September 30, 2018.  Doc. 4 at 534. The ALJ further found that Bryant had not engaged in substantial gainful activity from the onset of Bryant's impairment on April 15, 2013, through her last date insured of September 30, 2018.  *Id*.

At step two, the ALJ found that through the date last insured, Bryant has the following severe impairments: ankylosing spondylitis; obesity; osteoarthritis knees; minimal degenerative arthritis hips; and, trochanteric bursitis.  *Id*.  The ALJ concluded that these impairments significantly limit Bryant's ability to perform basic work activities.  The ALJ also indicated that the record demonstrates that Bryant had been diagnosed with the following medically determinable impairments: hypertension, cholecystitis; diarrhea; depression; and, anxiety.  *Id*. at 535.  The ALJ concluded that these impairments did not constitute severe impairments and did not significantly limit Bryant's ability to perform basic work activities.  At step three, the ALJ found that, through the date last insured, Bryant did not have an impairment or combination of impairments that met or medically equaled the severity of one of

the listed impairments in 20 C.F.R. 404.1520(d). *Id*. at 537.

At step four, the ALJ found that Bryant possessed the residual functional capacity to perform the following light work:

> She can lift, carry, push and pull ten pounds frequently and twenty pounds occasionally. She can stand and walk about three hours in an eight-hour workday, sit about six hours in an eight-hour workday, occasionally climb ramps and stairs, balance, stoop, and crouch. She cannot climb ladders, ropes, or scaffolds, kneel, or crawl. She needs to avoid concentrated exposure to extreme cold, vibration and hazards, including wet, slippery, uneven surfaces, unprotected heights, and dangerous machinery. She can understand, remember, and carry out simple, detailed, and complex tasks and maintain attention, concentration, persistence, and pace for such tasks for eight-hour workdays and forty-hour workweeks. She can tolerate interaction with supervisors, coworkers, and the public and can tolerate usual work situations and changes in routine work settings. All the limitations are to be considered sustained work activities in an ordinary work setting on a regular and continuing basis, unless otherwise specified.

*Id*. at 537−38. Based on this residual functional capacity, the ALJ found that Bryant could not perform any past relevant work. *Id*.

At step five, the ALJ concluded that Bryant remained capable of making a successful adjustment to other work that existed in numbers in the national economy considering Bryant's age, education, work experience, and residual functional capacity. *Id*. at 542. Thus, the ALJ concluded that Bryant was not disabled and entitled to Social Security disability benefits from April 15, 2013, through September 30, 2018. *Id*. at 543.

6

**B. Bryant's Objections to the ALJ's disability Determination.**

Bryant argues that the ALJ erred in the following ways: (1) improperly discounting the findings, diagnoses, and objective test results from Bryant's treating physician; (2) improperly discounting Bryant's testimony related to her condition and impairment; and, (3) failing to incorporate all of Bryant's impairment into the vocational consultant's hypothetical question. Doc. 11.

**C. Commissioner's Position.**

The Commissioner asserts that the Court should affirm the ALJ's decision because substantial evidence supports the ALJ considerations of the treating physician, Bryant's subjective complaints about her conditions. Doc. 12. The Commissioner also asserts that the RFC hypothetical question included all of Bryant's limitations that were supported by the record. *Id*.

**DISCUSSION.**

For the reasons set forth below, the Court reverses and remands for an award of benefits.

**A. Weight given to opinions of Bryant's treating physician.**

The ALJ decided to afford "minimal weight" to Bryant's treating physician, Dr. Severa's, because the medical records indicate that the claimant had normal upper and lower extremity strength and was usually in no acute distress. *Id*. Generally, the opinions of treating physicians remain entitled to the greatest weight

7

and should be adopted. *Lester v. Chater*, 81 F.3d 821, 831 (9th Cir. 1995). An ALJ should afford a treating physician's opinion great deference because the treating physician "is employed to cure and has a greater opportunity to know and observe the patient as an individual." *Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 600 (9th Cir. 1999) (quoting *Sprague v. Bowen*, 812 F.2d 1226, 1230 (9th Cir. 1987). An ALJ should reject a treating physician's opinion only under limited circumstances. *Lester*, 81 F.3d 830. Those circumstances include when the ALJ can point to specific and legitimate reasons that prove sufficient to discredit the treating physician. *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012). These reasons must be supported by substantial evidence in the record. *Id.*

In this case, Bryant's treating physician, Dr. Severa, diagnosed Bryant with chronic ankylosing spondylitis, manifesting as chronic lower back pain and fatigue. Dr. Severa also diagnosed the following impairments: (1) obesity, (2) ankylosing spondylitis, (3) osteoarthritis knees, (4) minimal degenerative arthritis hips; and, (5) trochanteric bursitis. *Id.* at 529. Doc. 11 at 5. Dr. Severa concluded that Bryant could sit only for 15 minutes, stand for 15 minutes and sit, stand, and walk, for less than 2 hours in an 8-hour day. Dr. Severa also concluded that Bryant would need to shift positions every 15 minutes and walk for 3 minutes. *Id.* Limitations would include lifting less than 10 pounds and reaching overhead less than 30 percent of the time. Doc. 4 at 523-26. Bryant would be off task at least 25% of the time and would

miss at least 4 days per month.  *Id.*

The ALJ afforded Dr. Severa's opinion minimal weight.  Doc. 4 at 540.  In part, the ALJ relied on changes between Dr. Severa's opinion in 2014 and Dr. Severa's opinion in 2016.  The ALJ also relied on her own observations of Bryant and the contradicting opinion of a non-treating consulting physician.  *Id.* at 540−41.  These reasons prove insufficient to disregard Dr. Severa's medical opinion.  *See Lester*, 81 F.3d at 831; *Morgan*, 169 F.3d at 600.

The ALJ hypothesizes that Dr. Severa likely changed his opinion in 2016 because Bryant attempted to convince him to change the determination that he initially had made in 2014.  Doc. 4 at 541.  This conclusion looks substantial support in the record and completely ignores the possible explanation that Bryant's condition deteriorated in the two years between the evaluations.  Dr. Severa informed Bryant that if she disagreed with any of his evaluations, she always remained free to seek out a second opinion.  *Id.*  Given Bryant's condition and impairments, a conclusion that Dr. Severa was unduly pressured and influenced by a patient constitutes speculation formed without substantial evidence in the record.

A non-treating physician's opinion cannot constitute, by itself, substantial evidence that justifies the rejection of a treating physician's opinion.  *Saelee v. Chater*, 94 F.3d 520, 522 (9th Cir. 1996).  These opinions are based on a review of the available medical records and a "comprehensive understanding of agency rules

and regulations." Doc. 4 at 541. The ALJ found such examinations by the consulting physician to be "highly persuasive and afford[ed] them significant weight." *Id*. This analysis proves erroneous. A treating physician's opinion warrants greater deference than the opinion of a non-treating physician that has not treated the patient but instead had read the available medical records. *Morgan*, 812 F.2d at 1230. Dr. Severa should be afforded more weight than the opinions of the consulting physician. *See Lester*, 81 F.3d at 831; *Morgan*, 169 F.3d at 600.

**B. ALJ's Assessment of Bryant's Subjective Complaints.**

Bryant alleges that she is unable to work due to ankylosing spondylitis, osteoarthritic, and chronic pain, among other impairments. Doc. 4 at 538. The ALJ identifies the full extent of Bryant's difficulties with constant pain. Bryant testified that reaching over her head exacerbates her back pain. Lifting and carrying objects puts pressure on her knees, hips, and back. She can lift only 10 pounds. After walking ten minutes, Bryant's knees and hips begin to hurt. Bryant remains unable to bend her knees, to the point where exiting her house proves difficult because she must descend two stairs. Bryant experiences back pain bending over or standing for too long. Excessive walking causes prolonged swelling. *Id*. Bryant claims this swelling often takes weeks to subside. *Id*

The ALJ determined, after careful consideration of the evidence, that Bryant's medically determinable impairments could reasonably be expected to cause the

alleged symptoms. The ALJ nonetheless afforded Bryant's testimony little weight, relying on select portions of the record and observations of Bryant during hearings in this matter. *Id*. An ALJ cannot discredit a claimant's testimony by pointing to select portions of the record to support the ALJ's own conclusions. *Brown-Hunter v. Colvin*, 806 F.3d at 489.

Bryant's symptoms are supported by Dr. Severa's testimony and Bryant's medical records. The medical records indicate that Bryant requires a double knee replacement. Dr. Severa's examination confirmed edema in both legs. Dr. Severa diagnosed Bryant with ankylosing spondylitis, bilateral knee pain, chronic pain, edema both legs, fatigue, low back pain, osteoarthritis and severe obesity. Dr. Severa's diagnoses remained consistent for many years, including, among other examinations, examinations in October 2015, January 2016, July 2016, April 2017, February 2018. Doc. 11 at 10−14.

Dr. Severa noted muscle spasm, muscle weakness, abnormal gait, impaired sleep, and weight change as objective corroboration of Bryant's symptoms. *Id*. at 5. The ALJ notes that Bryant experiences the following severe impairments: obesity, ankylosing spondylitis, osteoarthritis knees, minimal degenerative arthritis hips, and trochanteric bursitis. Doc. 4 at 534. The dispute between the parties centers around the severity of these impairments and what limitations these impairments create. The ALJ awarded, as indicated above, little to minimal weight to Bryant's testimony

11

and the opinion of Dr. Severa.  This approval proves erroneous.

The opinions of Dr. Severa and testimony of Bryant, when given their proper weight, make it clear that Bryant was disabled from April 15, 2013.

Accordingly, **IT IS ORDERED**:

1.  Bryant's Motion for Summary Judgment (Doc. 11) is **GRANTED**.

2.  The Commissioner's final decision denying Plaintiff Bryant's claims for disability insurance benefits is **REVERSED** and **REMANDED** for an immediate award of benefits beginning April 15, 2013.

3.  Bryant's Motion to Alter Judgment (Doc. 16) is **GRANTED**.

4.  The Clerk of Court shall enter an Amended Judgment.

DATED this 6th day of April, 2021.

_____
Brian Morris, Chief District Judge
United States District Court